UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA S. GOODRICH and
CINDY L. GOODRICH,

                        Plaintiffs,

        v.                               3:06-cv-1435

WFS FINANCIAL, INC., RENAISSANCE
RECOVERY SOLUTIONS, INC., NY
RECOVERY, INC., JACQUES R. HALL,
MICHAEL P. WEILAND, and PAUL HOLT,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs commenced the instant action asserting damages arising out of the repossession of their vehicle. Plaintiff's assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Uniform Commercial Code § 9-609(b)(2), and for malicious prosecution, libel, slander, the intentional infliction of emotional distress, the negligent infliction of emotional distress, and assault. Presently before the Court is Defendant WFS Financial, Inc.'s ("WFS") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiffs' cross-motion for leave to file an amended Complaint.

I.     **FACTS**

The following facts are taken from the Complaint and, for purposes of this motion are deemed to be true.

On June 28, 2002, Plaintiff Cindy L. Goodrich purchased a 2001 Ford Taurus jointly with her father, Charles H. Magley. To fund the purchase, Cindy Goodrich and Charles Magley borrowed $16,870.59 from Defendant WFS. Cindy Goodrich and Charles Magley agreed to pledge the vehicle as collateral to secure the loan. Under the terms of the loan agreement, WFS had the right to repossess the vehicle by legal process or self-help.

WFS alleged that Cindy Goodrich and Charles Magley defaulted on the loan some time prior to December 1, 2005. Consequently, WFS contracted with Defendant Renaissance Recovery ("Renaissance") to repossess the vehicle. Renaissance then subcontracted with Defendant NY Recovery, which, in turn, subcontracted out to Defendants Hall, Weiland, and/or Holt.

On December 1, 2005, at approximately 3:00 a.m., Defendants Hall, Weiland, and Holt went to the residence of Cindy L. Goodrich and her husband, Plaintiff Joshua S. Goodrich, to repossess the vehicle. Upon arriving at the home, Defendants informed Plaintiffs that they intended to repossess the vehicle. Joshua Goodrich then exited the home, entered the vehicle, turned on the ignition, put the transmission in reverse, and began to back the vehicle out of its parking space. During this same time, Weiland entered a Ford Explorer and backed it into the rear passenger door of Plantiffs' vehicle. Joshua Goodrich then put the transmission of his vehicle into drive and attempted to leave the location. As Joshua Goodrich did so, Hall opened the passenger door, lunged toward Joshua Goodrich, elbowed him in the ribs, placed him in a headlock, and attempted to pull the car keys out of the ignition. Hall then released Goodrich from the headlock and punched him in the face. During this altercation, Plaintiffs' vehicle collided with another parked vehicle.

The Tompkins County Sheriff's Department arrived on the scene. Defendants made certain statements to the police, which caused them to press criminal charges against Joshua Goodrich. The criminal charges against Joshua Goodrich ultimately were dismissed on the merits.

Plaintiffs then commenced the instant action asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Uniform Commercial Code § 9-609(b)(2), and for malicious prosecution, libel, slander, the intentional infliction of emotional distress, the negligent infliction of emotional distress, and assault. Defendant WFS now moves to dismiss the causes of action against it and Plaintiffs cross-move for leave to file an amended complaint.

## II.     STANDARD OF REVIEW

Because this is a motion to dismiss, the Court has disregarded all materials submitted outside of the pleadings. A motion to dismiss should not be granted unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief. U.S. v. The Baylor University Medical Center, 469 F.3d 263, 267 (2d Cir. 2006). The Court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff. Id.

## III.    DISCUSSION

WFS seeks dismissal of Counts Two and Three on the ground that an employer of an independent contractor ordinarily is not liable for the torts of an independent contractor. While this is the general rule, see Chainani v. Board of Education, 87 N.Y.2d 370, 380, 639 N.Y.S.2d 971, there are exceptions that may apply here, including that New York Courts

have held that the U.C.C. imposes a non-delegable duty on the secured party to keep the peace in the course of a repossession. See General Motors Acceptance Corp. v. Vucich, 15 A.D.3d 106, 109 (3d Dep't 2005); Mauro v. General Motors Acceptance Corp., 164 Misc.2d 871 (Sup. Ct. Albany County 1995); see also Chainani, 87 N.Y.2d at 381 ("The 'nondelegable duty' exception may be invoked where a particular responsibility is imposed upon a principal by statute or regulation . . . or where the task at issue is inherently dangerous."); Backiel v. Citibank, N.A., 299 A.D.2d 504, 505 ("Courts have long recognized exceptions to the independent contractor rule which otherwise would exempt an owner from liability for the negligence of an independent contractor. In fact, the general rule has been so overwhelmed by its exceptions that many have questioned its continued validity."). Thus, notwithstanding the general rule, there may be facts that, if true, demonstrate the applicability of an exception. The motion to dismiss on this ground is, therefore, denied.

  WFS moves to dismiss the Fourth Count on the ground that Joshua Goodrich does not have standing under U.C.C. § 9-609 and Cindy Goodrich's claim must fail because it was Joshua Goodrich who caused the breach of the peace. This latter argument is rejected because, according to the Complaint, which facts must be accepted as true, it was Defendants who caused the breach of the peace. That leaves us with the issue of whether Joshua Goodrich has standing under § 9-609. Defendant argues that, because Joshua Goodrich is not a debtor, obligor, or holder of security interest in, or other lien on, the vehicle, he does not fall within the scope of § 9-609. Plaintiffs counter that Joshua Goodrich has an interest within the meaning of § 9-609 because he made virtually all of the payments on the vehicle, he paid for maintenance and repair costs, and he was the primary user of, and had unfettered permission to use, the vehicle.

N.Y.U.C.C. § 9-625 provides that "a person that, at the time of the failure [to comply with this article], was a debtor, was an obligor, or held a security interest in or other lien on the collateral may recover damages . . . for its loss." Pursuant to N.Y.U.C.C. § 9-102(a)(28)(A), a "debtor" is "a person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor." This expanded definition of "debtor" was adopted to include "those persons who may have a stake in the proper enforcement of a security interest by virtue of their non-lien property interest (typically, an ownership interest) in the collateral." N.Y.U.C.C. § 9-102 (official comment). There may be facts that, if true, demonstrate that Joshua Goodrich had an ownership interest in the car, thereby bringing him within the ambit of the statute. Moreover, while N.Y.U.C.C. § 9-628(a), which limits a secured party's liability to unknown debtors, may ultimately be found to apply here, it cannot be said at this time that there are no facts that, if true, would demonstrate that Defendants were aware of Joshua Goodrich's interest in the vehicle.

Plaintiff's cross-motion for leave to file an amended complaint is GRANTED. Plaintiff shall file the amended complaint within eleven days of the date of this Order.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is DENIED in its entirety. Plaintiff's cross-motion for leave to file an amended complaint is GRANTED. The amended complaint shall be filed within eleven days.

IT IS SO ORDERED.

Dated: February 20, 2007

Thomas J. McAvoy
Senior, U.S. District Judge