UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA S. GOODRICH and
CINDY L. GOODRICH,

                              Plaintiffs,

        vs.                                                          06-CV-1435


WFS FINANCIAL, INC., NY RECOVERY, INC.,
RENAISSANCE RECOVERY SOLUTIONS, LLC,
JACQUE R. HALL, and MICHAEL P. WEILAND,

                              Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge


## DECISION & ORDER

        Plaintiffs, Joshua and Cindy Goodrich, commenced this action asserting claims

under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the New York Uniform

Commercial Code § 9-609(b)(2), and for malicious prosecution, libel, slander, the

intentional and/or negligent infliction of emotional distress, and an assault that arose out

of the repossession of their vehicle by defendants.  Presently before the Court is

Plaintiff's Motion for Default Judgment against two of the defendants, Jacque R. Hall

and Michael P. Weiland.  Defendant Weiland filed no papers in opposition to the

motion.  Defendant Hall has opposed the motion.

## I.  FACTS

        Plaintiffs' original Complaint was filed on November 29, 2006 and was properly

served on Defendant Hall on February 9, 2007.  On the same day Hall's answer was due, Plaintiffs filed an Amended Complaint.  It was noted at a pre-trial conference that Defendant Hall was incarcerated and in default.  Defendant Weiland was served on February 19, 2007.  His answer was due on March 11, 2007.

On November 1, 2007, Plaintiffs requested the entry of default against both defendants, and the clerk entered default on December 20, 2007.  On February 19, 2008, Plaintiffs filed this Motion for Default Judgment.  On March 10, 2008, Defendant Hall filed opposition papers.

## II.  DISCUSSION

Opposition papers filed against a motion for a default judgment will be treated as a motion to set aside the entry of a default.  Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).  Fed. R. Civ. P. 55(c) authorizes the setting aside of a default or default judgment for "good cause."

In determining whether to set aside a default, courts consider whether: 1) the default was willful; 2) setting aside the default would prejudice the adversary; and 3) a meritorious defense is presented.  Meehan, 652 F.2d at 277; see also Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001).  Motions to vacate default judgments fall within the discretion of the district judge, and "all doubts should be resolved in favor of a trial on the merits."  Mitchell v. Greenwood Bank of Bethel, Inc., 827 F.Supp. 106, 110 (N.D.N.Y. 1993) (citing Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983); Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983)).  Further, a pro se litigant is held to a lesser standard in terms of satisfying procedural rules and, hence, a default

judgment should be used "sparingly" against these parties.  Enron Oil Corp. v.

Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  With this in mind, the Court will address the

three factors in turn.

### a.  Willful Default

Willfulness, in this context, is interpreted as being more than "merely negligent or

careless."  S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).  For example, litigants

have "willfully defaulted" by failing to respond to motions without explanation or

attempting to evade service to avoid answering a complaint.  Id. at 738-39 (citing U.S.

v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976); Commercial Bank of Kuwait v. Rafidain

Bank, 15 F.3d 238, 243-44 (2d Cir. 1994)).  Litigants have avoided default judgments

where there have been inadvertent filing mistakes by a clerk or where a *pro se*

defendant failed to receive a second amended complaint.  Id. at 738 (citing American

Alliance Insurance Co. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996); Enron Oil

Corp., 10 F.3d. at 97).

Here, Defendant Hall was served on February 9, 2007.  He failed to submit a

response until March 10, 2008 when he filed a Response in Opposition to Plaintiff's

Motion for Default Judgment.  In his Response, Defendant Hall's excuse for failing to

respond until now was that he was incarcerated and "was not sure [what] to do with

[papers he had received] and could not obtain legal advise [sic]."  He provides no

evidence that he attempted to respond earlier or seek legal advice.

In Pecarsky, 249 F.3d at 172-73, the Second Circuit noted that the district court

ordered a default judgment "more quickly than usual," citing several cases where

default was only entered after several months or even a year had passed with no response.  Here, Defendant Hall has surpassed this timing threshold.  Moreover, Defendant Hall fails to provide an adequate response to the delay and has not demonstrated that he took any efforts to respond in a timely manner.

Despite a lessened standard for *pro se* litigants, the Court cannot allow litigants to ignore claims that have been made against them for such a long period.  To conclude otherwise would result in unreasonable delays for all parties and the courts.  Therefore, because Hall acknowledges having received the Complaint and admits having done nothing in response, the Court finds that the default as to Defendant Hall was willful.

### b.  Prejudice

A plaintiff cannot establish prejudice simply by showing delay.  Davis, 713 F.2d at 916.  Rather, prejudice is indicated, for instance, by the "loss of evidence, the unavailability of witnesses or roadblocks to discovery."  Davis, 713 F.2d at 916; Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 993 (E.D.N.Y. 1995).  However, default judgment does not require a "strong showing" of prejudice, where the "evidence clearly shows willful default and the absence of a meritorious defense."  Gladys Music v. Ed Smith Prod., Ltd., Civ. A. No. 94-CV-429, 1994 WL 705265, at *2 (N.D.N.Y. Dec. 6, 1994) (citing Commercial Bank of Kuwait, 15 F.3d at 244).

Plaintiffs argue that they will be significantly prejudiced if the entry of default is set aside.  Their arguments of prejudice include: 1) having to process duplicate and multiple discovery requests; 2) the lengthened passage of time since the incident; and

3) the fact that certain discovery was not pursued by Plaintiffs in light of the entry of default against Defendant Hall.

Here, Defendant Hall was served on February 9, 2007.  His answer was due on March 1, 2007.  Defendant failed to answer, but Plaintiffs did not request entry of default until December 18, 2007.  On December 20, 2007, default was entered against Defendant Hall.  Plaintiffs did not move for a default judgment until February 19, 2008.

In SEC v. Vogel, 49 F.R.D. 297, 300 (S.D.N.Y. 1969), the Court noted that, while a delay in requesting an entry of default against a party is evidence of good faith on the part of the non-defaulting party, it also suggests little need for quick disposal of the case and, thus, a lack of prejudice against the non-defaulting party.  See Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2699 (1998).

Here, Plaintiffs' delay of requesting an entry of default for over ten months after the deadline for Defendant's answer passed suggests that any prejudice would be minimal.  Even after the clerk entered the default, the motion for default was not filed until February 19, 2008.  Shortly thereafter, on March 10, 2008, Defendant Hall timely filed his response in opposition to Plaintiffs' motion.

Further, the costs that traditionally demonstrate prejudice are expenses resulting from the delay, the hearing on the 55(c) motion, and the introduction of new issues. 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2700 (1998).  Here, the additional costs that are cited by Plaintiffs are costs that would have been incurred by Plaintiffs had Defendant Hall participated from the beginning.  The costs incurred from a hearing on the Rule 55(c) motion are minimal as such a hearing is not necessary.  Finally, Defendant Hall is not introducing any new issues to the case.

Plaintiffs cite the delayed participation of Defendant Hall as presenting a difficulty resulting from the length of time that has passed since the incident underlying this litigation transpired on December 1, 2005.  While this is Plaintiffs' most convincing argument on this factor, the Court finds that the participation of Defendant Hall will not substantially increase the amount of additional discovery needed in this case and that Plaintiffs have otherwise failed to demonstrate sufficient prejudice warranting a default judgment.  Therefore, the Court finds that this factor weighs against a default judgment.

### c.  Meritorious Defense

To reopen a default, "mere conclusory statements" made by the moving party will not constitute a meritorious defense.  Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320 (2d Cir. 1986) (citing Breuer Elec. Mfg. v. Toronado Sys. of America, 687 F.2d 182, 186 (7th Cir. 1982)).  Rather, the moving party must "support its general denials with some underlying facts." Sony Corp., 800 F.2d at 320-21.

Here, Defendant Hall provides the Court with only an unsworn letter denying Plaintiffs' accounting of the events on December 1, 2005 and providing his own version of events.  He provides no other evidence that supports his conclusions.  However, in light of Defendant Hall's *pro se* status, the presumption in favor of a trial on the merits, the fact that this case is likely to turn on factual disputes concerning how the vehicle was repossessed, and Defendant Hall's contrary version of events, the Court holds that default judgment based on the lack of a meritorious defense would be unduly harsh.

While the Court finds Defendant Hall's lack of responsiveness to this matter willful, it also finds that allowing participation at this point would not result in significant

prejudice against Plaintiffs, and that the presumption in favor of a trial on the merits warrants a denial of Plaintiffs' Motion for Default Judgment.

For the foregoing reasons, Plaintiffs' Motion for Default Judgment against Defendant Hall is **DENIED**.  Hall shall file an Answer within twenty days of the date of this decision.  The parties shall confer with the Magistrate Judge to discuss matters concerning discovery with respect to Defendant Hall.

Defendant Weiland has failed to appear at any point during this action and has failed to file any motion for relief from the entry of default against him. Therefore, Plaintiffs' Motion for Default Judgment against Defendant Weiland is **GRANTED**.

IT IS SO ORDERED.

Dated:April 18, 2008

Thomas J. McAvoy
Senior, U.S. District Judge