UNITED STATES DISTRICT COURT
COUNTY OF NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA S. GOODRICH AND CINDY L. GOODRICH,<br><br>       Plaintiffs,<br><br>V.<br><br>WFS FINANCIAL, INC., RENAISSANCE RECOVERY SOLUTIONS, INC., NY RECOVERY, INC., JACQUE R. HALL, MICHAEL P. WEILAND, AND PAUL E. HOLT,<br><br>       Defendants. | INDEX NO.: 06CV1435<br>Judge McAvoy<br><br>**OPPOSITION TO PLAINTIFFS' SUMMARY JUDGMENT MOTION** |

### RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegation.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegation.

11. Admit.

12. Admit.

13. Deny. Attached is defendant's Response to Request for Admissions where plaintiff's request to admission was specifically denied as opposed to admitted.

14. Admit.

15. Deny. Attached is defendant's Response to Request for Admissions where plaintiff's request to admission was specifically denied as opposed to admitted.

16. Admit.

17. Admit only to the extent that Hall testified that Weiland and Holt were helpers.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Deny. This answer must be considered within the totality of Hall's deposition testimony. Goodrich was in fact originally amenable to the repossession. J. Hall deposition, page 29. Goodrich never verbally said that he was objecting to the repossession. Pages 57-60 Goodrich deposition (Exhibit J).

24. Admit to the extent that was what Goodrich testified to.

25. Deny. There are inconsistencies between Goodrich's and Hall's testimony as to what actually happened. According to Hall it was Goodrich who was exacerbating the situation.

26. Admit only to the extent Hall was trying to protect himself from being injured by Goodrich.

27. Admit.

28. Deny that is an accurate interpretation of Hall's testimony.

29. Admit.

30. Admit that there was a collision with the third vehicle. The facts as to exactly what happened in the car are subject to dispute and different interpretations when the entirety of the Hall and Goodrich depositions are reviewed.

31. Admit only to the extent that plaintiffs have provided proof of a single power of attorney.

## ARGUMENTS AS TO THE LAW

The Arguments herein are supplemental to the arguments made in our own motion for summary judgment which are incorporated herein by reference.

### There are Issues of Fact As to Issue of Breach of Peace

There are issues of fact as to whether there was a breach of peace and who committed it. Plaintiff argues that as a matter of law Hall committed a breach of peace. It is respectfully submitted that the breach of peace, if any, was solely the result of conduct of Goodrich.

There is evidence that when Hall approached the apartment Goodrich was completely cooperative. Hall was quite polite in offering Goodrich a chance to remove his belongings from the car. Goodrich never at any point said that he was objecting to the repossession. He simply started running towards the car. Hall's name was not on the paperwork. There is evidence that Hall was simply trying to take the car and that Goodrich created the entire situation by driving off in such a fashion as to attempt to deliberately injure Hall and in hitting other cars. Therefore it is respectfully submitted that whether a breach of peace was committed by Hall under these circumstances and/or was contributed by the comparative conduct of Goodrich should be issues of fact in this case.

Plaintiff relies on the case of Hilliman v. Cobado, 499 N.Y.S. 2nd 610 (N.Y. Supp. 1986) for support.  It is respectfully submitted that is a poor case to be relying on.  That is a case where the defendant attempted to repossess cattle.  There was multiple verbal objections.  In fact there was a sheriff's officer present who specifically told the defendant not to do the repossession.  Those facts are a far cry from the instant case.

Cases from other jurisdictions which said that a simple objection to repossession by a debtor is sufficient to establish a breach of the peace are also not necessarily applicable to the facts of this case.  When Hall opened the door Goodrich simply had to say that he was objecting.  He did not.  Goodrich voluntarily went outside with the keys in response to Hall's invitation for him to remove his personal belongings from the car.  This is not a situation where Hall would know, from the outset, that what he was doing was wrong or breaching the peace.  It was Goodrich, who started acted irrationally and then went out of his way to try to injure Hall, who caused all the problems.

In the First & Farmers Bank of Somerset, Inc. v. Henderson, 763 S.Y. 2nd 133-37 (K.Y. App. 1988) the Bank specifically had a sheriff's officer present to keep the debtor under control.  They also did not have sufficient dominion.  Those facts are distinguishable from the instant

case.  In <u>Dixon v. Ford Motor Credit</u>, 391 N.Y. Ne 2nd 493 (Ill. App. 1st Dist. 1979) the Court in fact found that there was no breach of peace as a matter of law because there was no unequivocal oral statement by plaintiff objecting to the repossession.  In fact that case is helpful to the defendants in this case because Goodrich admits that he never unequivocally stated, orally, that he was objecting to the repossession.

It is interesting that on page 4 of the Brief it is admitted that Joshua Goodrich was not the debtor in this case.  Whether Hall should have abandoned the attempt to repossess when Goodrich started running towards the car, as plaintiff argues, should be an issue of fact for the jury.  None of this excuses Goodrich's conduct of deliberately trying to injure Hall or causing property damage (a charge for which Goodrich took the ACD).  Although plaintiff argues that the physical confrontation would never had occurred if Hall had not entered the vehicle, it also would never have occurred had Goodrich not deliberately tried to injure Mr. Hall.  Who is liable for what occurred here should be for the jury to sort out.

### **<u>Renaissance and NY Recovery Are Not Vicarious Liable</u>**

Plaintiff makes the argument as to vicarious liability for Jacque Hall's conduct.  While there is authority for the proposition that WFS has a duty, because they are the creditor, the rule as to liability for independent contractors does not apply to the repossession agencies

such as Renaissance or NY Recovery.  This is set forth in <u>Mauro v. General Motors Acceptance Corp.</u>, 164 Misc. 2d 871, 626 N.Y.S. 2nd 374 (N.Y. Sup Albany Cty 1995).  In that case the Court held that GMAC could be vicariously liable but specifically held that the issues as to whether the repossession agencies were going to be liable for the torts of the independent contractor was a jury issue.

### **Josh Goodrich Does Not Have Standing Under the UCC**

Plaintiff argues that Joshua Goodrich has standing to sue under the Uniform Commercial Code.  This issue was addressed in our motion for summary judgment. He should not.

The issue as to equitable owner is not whether there is a rebuttable presumption such as to impose tort liability on Joshua Goodrich if there is an accident involving the car (which is what the cases cited by plaintiff generally refer to).  See <u>Van Wort v. Robert Van Wort</u>, 221 A.D. 2nd 624, 634 N.Y.S. 2nd 498 (2nd Dept. 1995).  <u>Young v. Seclar</u>, 74 A.D. 2nd 155, 426 N.Y.S. 2nd 311 (2nd Dept. 1980).  There is also an issue as to tort liability.  In fact in <u>Young v. Seclar</u> it is indicated that the mere fact that the husband provided money for the purchase and maintenance of a car would not be sufficient to make him an owner of the car.  One would suspect that if Cindy Goodrich was driving the car and was in an accident and Joshua Goodrich was sued as a defendant he would not be so forthcoming about asserting his role as "owner" of the vehicle but

rather would be protesting against his being named as a defendant in the case. The fact that Joshua Goodrich had a license to occupy the vehicle doesn't make him a party to the loan nor should it confer upon him UCC rights.

Plaintiff argues that the provisions of the UCC should be liberally construed to effectuate the purposes of the Act so as to extend the term debtor to include Josh Goodrich. This is a two edged sword. If the Act is extended the way Josh Goodrich is arguing so he has the benefits of the Act, Josh Goodrich would also have to take on the burden of being a debtor which includes being subject to a deficiency judgment and subject to a lien being filed against him. To these Josh Goodrich would certainly complain. As we stated in our main papers, Josh Goodrich deliberately chose not to be a debtor because if he put his name on the credit application it would have affected the ability to obtain the loan. When one deliberately does not put himself on loan documents to keep his interest secret so as to make sure the loan goes through, one should not then have the benefits of the UCC such that they have legal rights in a situation like this. What Josh Goodrich is really arguing for is that he have all the benefits of the UCC without having any of the burdens. It is respectfully submitted that the Court should not permit this.

### The FDCPA Should Not Apply

Concerning the FDCPA claims plaintiff is improperly relying on a response to a Notice to admit. They are claiming that there is a tacit

admission that NY Recovery and Renaissance Recovery are debt collection agencies.  In fact their Notice to Admit was responded to and the allegation was denied.  Furthermore the case law makes it quite clear that repossessors are not subject of the FDCPA.   We have also given the Court case law that in the case where there is a present right of possession the secured party is not subject to 15 U.S.A. 1692 F(6)(a).  Because the debt was in default there was a present right of repossession.  If there was a breach of peace the remedy is solely under the UCC.  There should not be an expanded remedy under the FDCPA.

Furthermore the plaintiff's argument that somehow Ms. Dwyer testified that she is a debt collector is a complete mischaracterization of Ms. Dwyer's testimony.  She is not in the debt collection business.  She is in the repossession business.  What Ms. Dwyer really indicated is that she would not talk to the debtors about making payments to NY Recovery but rather would refer them to the lender in terms of redeeming vehicles.  To now characterize this as an attempt to induce debtors to make payments is completely not true nor what she said.   It was an inducement to have debtors deal directly with lenders once the car was repossessed to allow release of a vehicle.  That does not turn NY Recovery into a debt collection business.

WHEREFORE, plaintiff's motion for partial summary judgment should be denied. We continue to stand by our motion for summary judgment. We further ask the Court to grant defendant such other and further relief as the court shall deem just and proper.

Date: New York, New York
April 22, 2008

*Fredric Paul Gallin*

_____
Fredric Paul Gallin



**METHFESSEL & WERBEL**
_A Professional Corporation_

| | Counsel | Associates |
|---|---|---|
| JOEL N. WERBEL> | LORI BROWN STERNBACK*+ | TRACY B. BUSSEL> |
| JOHN METHFESSEL, JR.> | MARC DEMBLING*+ | JEANNE K. CHESTNUT^ |
| EDWARD L. THORNTON*> | PAUL J. ENDLER JR.> | MICHAEL R. EATROFF> |
| DONALD L. CROWLEY*+ | GERALD KAPLAN+ | TIMOTHY J. FONSECA+ |
| FREDRIC PAUL GALLIN*+^ | STEVEN A. KLUXEN^ | SCOTT V. HECK> |
| STEPHEN R. KATZMAN# | JOHN R. KNODEL*+ | FRANK J. KEENAN+ |
| WILLIAM S.BLOOM>* | MARTIN R. MCGOWAN, JR.> | LESLIE A. KOCH+ |
| ERIC L. HARRISON*+ | CHARLES T. MCCOOK, JR. *> | ALLISON M. KOENKE> |
| MATTHEW A. WERBEL> | JARED P. KINGSLEY*+ | DANIELLE M. LOZITO+ |
| | | DARREN M. MALONEY> |
| | Of Counsel | DWIGHT J. MICHAELSON^ |
| | JOHN METHFESSEL, SR.> | KEITH J. MURPHY+ |
| | | MATTHEW L. RACHMIEL> |
| | | WILLIAM J. RADA+ |
| | | CHARLES P. SAVOTH, III> |
| | | LEONARD E. SEAMAN, III^ |
| | | GINA M. STANZIALE> |

\* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC

Please reply to New York

January 21, 2008

Kenneth R. Hiller, Esq.
2001 Niagara Falls Boulevard
Amherst, NY 14228

RE:  **GOODRICH, JOSHUA VS. WFS FINANCIAL, INC. ET AL.**
Our File No.   : 65637 FPG
Index No.      : 06CV1435

Dear Mr. Hiller:

Enclosed is response to your Request for Admissions. I have done it as a single document because the questions, except for question 4, are the same for all defendants. If you have any objection to this procedure please advise.

You asked me to admit the accuracy of documents which are not our documents. I am not sure that is completely proper. However, for the purposes of making life easier for you, I am willing to work with you in terms of solving authentication problems (which is what I suspect is your intent) so that we don't have to get certified copies of these records in order to use them in court. The fact that I am not going to contest the authenticity of the record should not be deemed an admission as to admissibility.

On the flipside, I would like a similar favor from you. Attached is a copy of the decision and order of Judge Salk on the motion to dismiss the criminal charges. I would like you to similarly admit to the authenticity of same so that I do not have to get a certified copy from the Ithaca Town Court. Please deem this to be a formal notice to admit pursuant to Rule 36 of the FRCP.

3 Ethel Road ~ Suite 300 ~ P.O. Box 3012 ~ Edison, NJ 08818 ~ (732) 248-4200 ~ FAX (732) 248-2355
450 Seventh Avenue ~ Suite 1400 ~ New Yerk, New York 10123 ~ (212) 947-1999 ~ FAX (212) 947-3332
www.nyinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 65637 FPG
Page 2

If you have any questions or comments please do not hesitate to contact me.

Very truly yours,

**METHFESSEL & WERBEL, ESQS.**

*[signature]*

Fredric Paul Gallin
gallin@methwerb.com
Ext. 162

FPG:tp
Encl. Response to Notice to Admit and
    Decision and Order of Judge Salk

UNITED STATES DISTRICT COURT
COUNTY OF NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA S. GOODRICH AND CINDY L. GOODRICH,<br><br>Plaintiffs,<br><br>V.<br><br>WFS FINANCIAL, INC., RENAISSANCE RECOVERY SOLUTIONS, INC., NY RECOVERY, INC., JACQUE R. HALL, MICHAEL P. WEILAND, AND PAUL E. HOLT,<br><br>Defendants. | INDEX NO.: 06CV1435<br><br>**DEFENDANTS, WFS FINANCIAL, INC., NY RECOVERY, INC., RENAISSANCE RECOVERY SOLUTIONS, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** |

**PLEASE TAKE NOTICE** that WFS Financial, Inc., NY Recovery, Inc., Renaissance Recovery Solutions, Inc., by and through their attorneys, Methfessel & Werbel, hereby responds to plaintiff's First Request for Admissions, as follows:

As all questions asked of these three defendants are the same, and all three defendants are represented by the same counsel, the Requests for Admissions are being answered collectively.

1. This calls for a legal conclusion but it is not contested by defendants.

2. Deny.

3. This calls for a legal conclusion but for the purposes of this Notice to Admit it is not contested by defendants.

4. It is denied that NY Recovery is a debt collector as defined in 15 U.S.C. 1692A(6). It is denied that Renaissance Recovery Solutions is a debt collector as defined in 15 U.S.C. 1692A(6). WFS Financial may possibly be considered a creditor however it is denied that the Fair Debt Collection Practices Act applies to WFS under these facts and circumstances.

5. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

6. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

7. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

8. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

9. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

10. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

11. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

12. Defendants have no personal knowledge as to the details of the criminal proceedings. Based upon counsel's review of the records of the criminal proceedings, what is alleged appears to be correct.

13. Defendants have no knowledge as to the storage practices of the Tompkins County Sheriff's Department. However counsel will not contest that they appear to be documents kept by the Sheriff's Department in the regular course of business.

**PLEASE TAKE NOTICE** that defendant reserves the right to amend and supplement this response up until and including the time of trial.

DATED:   NEW YORK, NEW YORK
         January 21, 2008

                                 **METHFESSEL & WERBEL, ESQS.**
                                 Attorneys for NY Recovery, Inc. /
                                 Renaissance Recovery Solutions, Inc.

By: _____
        Fredric Paul Gallin
        450 Seventh Avenue
        Suite 1400
        New York, New York 10123
        (212) 947-1999
        mailbox@methwerb.com
        Our File No. 65637 FPG

TO:   Kenneth R. Hiller, Esq.
      2001 Niagara Falls Boulevard
      Amherst, NY 14228
      Attorneys for: Joshua S. and Cindy L. Goodrich

**STATE OF NEW YORK**
                            **SS:**
**COUNTY OF NEW YORK**

Terri Pelusio, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides at Linden, New Jersey.

On January 21, 2008 deponent served the within **DEFENDANTS, WFS FINANCIAL, INC., NY RECOVERY, INC., RENAISSANCE RECOVERY SOLUTIONS, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** upon the attorney(s) hereinafter named by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO: Kenneth R. Hiller, Esq.
    2001 Niagara Falls Boulevard
    Amherst, NY 14228
    Attorneys for: Joshua S. and Cindy L. Goodrich

DATED:   NEW YORK, NEW YORK
         January 21, 2008

_____
Terri Pelusio

Sworn to before me this
21st day of January, 2008

_____
NOTARY

KISHIA MICHELLE HATCHER
Notary Public, State of New York
No. 01HA6149849
Qualified in New York County
Commission Expires 7/17/2010

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                         ss.:
COUNTY OF NEW YORK)

Terri Pelusio, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Linden, New Jersey.

On April 22, 2008, deponent served the within **Opposition to Summary Judgment Motion** upon the attorney(s) hereinafter named by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:  Kenneth R. Hiller, Esq.
     2001 Niagara Falls Boulevard
     Amherst, NY 14228
     Attorneys for: Joshua S. and Cindy L. Goodrich

_____
Terri Pelusio

Sworn to before me this
22nd day of April, 2008

_____
NOTARY

KISHIA MICHELLE HATCHER
Notary Public, State of New York
No. 01HA6149849
Qualified in New York County
Commission Expires 7/17/2010



|  | Counsel | Associates |
|---|---|---|
| JOEL N. WERBEL> | LORI BROWN STERNBACK*+ | TRACY B. BUSSEL> |
| JOHN METHFESSEL, JR.> | MARC DEMBLING*+ | JEANNE K. CHESTNUT^ |
| EDWARD L. THORNTON*> | PAUL J. ENDLER JR.> | MICHAEL R. EATROFF> |
| DONALD L. CROWLEY*+ | GERALD KAPLAN+ | TIMOTHY J. FONSECA+ |
| FREDRIC PAUL GALLIN*+^ | STEVEN A. KLUXEN^ | SCOTT V. HECK> |
| STEPHEN R. KATZMAN# | JOHN R. KNODEL*+ | FRANK J. KEENAN+ |
| WILLIAM S.BLOOM>* | MARTIN R. MCGOWAN, JR.> | LESLIE A. KOCH+ |
| ERIC L. HARRISON*+ | CHARLES T. MCCOOK, JR. *> | ALLISON M. KOENKE> |
| MATTHEW A. WERBEL> | JARED P. KINGSLEY*+ | DANIELLE M. LOZITO+ |
|  |  | ANDRES Y. MEJER+ |
| Of Counsel |  | KEITH J. MURPHY+ |
| JOHN METHFESSEL, SR.> |  | MATTHEW L. RACHMIEL> |
|  |  | WILLIAM J. RADA+ |
|  |  | CHARLES P. SAVOTH, III> |
|  |  | LEONARD E. SEAMAN, III^ |
|  |  | GINA M. STANZIALE> |

\* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC

**Please reply to New York**

April 22, 2008

Kenneth R. Hiller, Esq.
2001 Niagara Falls Boulevard
Amherst, NY 14228

RE:     **GOODRICH, JOSHUA  VS. WFS FINANCIAL, INC. ET AL.**
        Our File No.        : 65637 FPG
        Index No.           : 06CV1435

Dear Mr. Hiller:

Enclosed herein please find Opposition to Summary Judgment Motion.

Please be guided accordingly.

> Very truly yours,
>
> **METHFESSEL & WERBEL, ESQS.**
>
> Fredric Paul Gallin
> gallin@methwerb.com
> Ext. 162

FPG:tp
Enc. Opposition

3 Ethel Road ~ Suite 300 ~ P.O. Box 3012 ~ Edison, NJ 08818 ~ (732) 248-4200 ~ FAX (732) 248-2355
450 Seventh Avenue ~ Suite 1400 ~ New York, New York 10123 ~ (212) 947-1999 ~ FAX (212) 947-3332
www.nyinslaw.com